IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THERESA BEAT, Executor of the Estate of Darrell Dean Dyche,<br><br>           Plaintiff,<br><br><br>           vs.<br><br><br>THE UNITED STATES OF AMERICA, and KANSAS DEPARTMENT OF REVENUE,<br><br>           Defendants. | Case No. 08-1267-JTM |

MEMORANDUM AND ORDER

This is an action by plaintiff Theresa Beat seeking a determination that she was the common law wife of the late Darrel Dean Dyche. The matter is now before the court on the Motion to Dismiss of the Kansas Department of Revenue (KDR). KDR argues that, as a subordinate arm of the government of the State of Kansas, it has no capacity to sue or be sued, that it is immune from suit here under the Eleventh Amendment, and that even if the court had jurisdiction, Beat's claim fails to state a claim for relief under the law.

Dean Dyche died on July 14, 2001. The executrix of his estate and his beneficiary, plaintiff Beat, contends that she is the common law wife of Dyche, and that after the application of the estate property marital deduction, no estate taxes were owed.

The KDR denied the claimed deduction, finding Beat and Dyche were not parties to a common law marriage, and assessed taxes in the amount of $302,377.00, with interest in the amount of $62,963.83.  The estate appealed (No. 05-0050) this determination.

Beat then brought an action in Kingman County, Kansas state court, seeking a declaration as to the common law marriage, *In Re: The Marriage of Dean Dyche and Theresa Beat*. The United States successfully intervened in the action, stating an intention to remove the action to federal court. The KDR filed a motion to intervene.

In June 2005, the estate, Beat, and the KDR entered into a Tax Agreement under which the estate would pay the disputed amount to the KDR, but the administrative appeal would be stayed. A refund would later occur if a court determined the issue of common law marriage favorably to Beat.

The Kingman County District Court granted summary judgment in favor of KDR and the United States, finding no common law marriage existed.  However, the Kansas Court of Appeals reversed this decision on August 8, 2008, and remanded the matter for trial. The action remains pending in state court. The United States expressed an intention to petition the Kansas Supreme Court for review of the decision.

Beat filed the present action against the United States and the KDR on September 3, 2008. In response to the KDR's motion, Beat filed a Motion to Amend (Dkt. No. 15), which seeks to add the State of Kansas as a party to the action.  In response to the arguments of the KDR, Beat argues at length that KDR is both a necessary party to the action under Fed.R.Civ.Pr. 19(a) and a proper party under Rule 20. (Dkt. No.  14, at 5-13).

The court finds that the Eleventh Amendment issue is dispositive.  However much plaintiff may argue that KDR should be included under Rules 19 or 20, the Federal Rules of Civil Procedure cannot by themselves defeat an otherwise valid shield of Eleventh Amendment immunity. Beat's argument on that issue is brief.  She acknowledges that there must be a strong showing of Eleventh Amendment waiver. Specifically, such consent to suit must be "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,99 (l984). The party claiming the waiver must show "an unequivocal indication that the State intends to consent to federal jurisdiction that would otherwise be barred by the Eleventh Amendment." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n. 1 (1985). Waiver will be found "only where stated 'by the most express language or by such overwhelming implication from the text [of a state statutory or constitutional provision] as [will] leave no room for any other reasonable construction.' " *Id.* at 239-40 (*quoting Edelman v. Jordan*, 415 U.S. 651, 673 (1974)).

However, while acknowledging this standard, Beat argues as if this strict standard in theory is far less so in fact. She relies on portions of the June 2005 Tax Agreement. *See* Complaint, Exh. A. at ¶ 2-3. But in those provisions, KDR merely undertook to stay the existing administrative appeal until a ruling by either "[a] federal court or tax agency" or by the state court hearing the original case, and agreed to refund if a court, federal or state, decided a common law marriage had existed.  These provisions reflect nothing more than an agreement to undertake a certain course of action if given contingencies occur.  They do not reflect an intention – far less an unequivocal intention – that those undertakings might be *enforced* in *federal court*.

Beat also cites *Robinson v. State of Kansas*, 295 F.3d 1183, 1189 (10th Cir. 2002), but this case is clearly distinguishable, the court there holding that the State of Kansas did not enjoy

3

Eleventh Amendment immunity from a challenge to its school financing system as violating Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d-1, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*., and plaintiffs' rights to due process and equal protection under the Fourteenth Amendment. The Tenth Circuit noted, 295 F.3d at 1189-90, the existence of a specific statute denying Eleventh Amendment immunity for Title VI, Rehabilitation, and discrimination in education claims, 42 U.S.C. § 2000d-7, and the Supreme Court's explicit holding that § 2000d-7 is "the sort of unequivocal waiver that our precedents demand." *Lane v. Pena*, 518 U.S. 187, 197-200 (1996). The Tenth Circuit thus held "that by accepting federal financial assistance as specified in 42 U.S.C. § 2000d-7, states and state entities waive sovereign immunity from suit." *Id.* at 199. Nothing similar, of course, exists in the present action.

The Court finds that KDR is immune from suit in the present action. The proposed Amended Complaint would not correct this deficiency. Neither the proposed addition of the State of Kansas as a party, nor any other argument plaintiff advances, would alter the fundamental fact that the State of Kansas and its agency KDR may not be brought before this Court under the Eleventh Amendment.

Finally, the Court also notes that plaintiff recently sought leave for filing of a surreply. (Dkt. No. 20). The plaintiff acknowledges that such pleadings are disfavored but states that it is necessary here because KDR "has raised an important Constitutional issue in its briefs relating to its alleged Eleventh Amendment immunity to suit in Federal Court which should be fully and comprehensively addressed by the parties prior to this Court's decision on the motion." *Id*. at 1. This is entirely true, but it was also true when the Eleventh Amendment claim was raised in KDR's original motion, and nothing has changed to justify a surreply.

4

The court has reviewed the proposed surreply, and finds nothing therein which could not have been advanced in Beat's response to the motion for summary judgment. Such late attempts to reargue matters are precisely why surreplies enjoy the heavy disfavor of the Court, and why the Court permits such pleadings only in the most exceptional of cases.

IT IS ACCORDINGLY ORDERED this 15th day of December, 2008 that the defendant KDR's Motion to Dismiss (Dkt. No. 8) is granted; plaintiff's Motion for Leave (Dkt. No. 20) is denied; plaintiff's Motion to Amend (Dkt. No. 15) is denied as moot.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE