IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THERESA BEAT, EXECUTOR,　　　　　)
ESTATE OF DARREL DEAN DYCHE,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　　Case No. 08-cv-1267-JTM-DWB
　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)
_____)

## <u>PRETRIAL ORDER</u>

Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference was held in this case by telephone on September 17, 2009, at 1:30 p.m. before Donald W. Bostwick, U.S. Magistrate Judge.

This pretrial order shall supersede all pleadings and control the subsequent course of this case.  It shall not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice.  *See* Fed. R. Civ. P. 16(d); D. Kan. Rule 16.2(c).

## 1.　　APPEARANCES.

The plaintiff, Theresa Beat, Executor of the Estate of Darrel Dean Dyche, appeared at the pretrial conference through counsel, Ken M. Peterson and Will B. Wohlford of Morris, Laing, Evans, Brock & Kennedy, Chtd.  The defendant, United States of America, appeared through counsel, Thomas W. Curteman, Jr. and John Robert Monroe.

**2.      NATURE OF THE CASE.**

This is a civil refund suit for the recovery of federal estate taxes, penalties, and interest assessed and collected by the United States.

**3.      PRELIMINARY MATTERS.**

    **a.      Subject Matter Jurisdiction.**  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1346(a)(1), and 26 U.S.C. § 7422, and is not disputed.

    **b.      Personal Jurisdiction.**  The court's personal jurisdiction over the parties is not disputed.

    **c.      Venue.**  The parties stipulate that venue properly rests with this court.

    **d.      Governing Law.**  Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by federal and Kansas law.

**4.      STIPULATIONS.**

    **a.**      The following facts are uncontroverted:

        (1)      Theresa Beat and Gilbert Beat divorced on January 23, 1980.

        (2)      Dean Dyche and Caroline Dyche divorced on August 15, 1980.

        (3)      For tax years 1980 through 2000, neither Dean Dyche nor Theresa Beat filed a federal or state income tax return on which they identified themselves as "married."

        (4)      Dean Dyche died on July 14, 2001.

        (5)      On August 3, 2001, the Estate filed its petition for probate of Dyche's will.

(6)     On February 28, 2002, Theresa Beat filed a joint Form 1040 federal income tax return for tax year 2001 as the surviving spouse of Dean Dyche with the filing status of "Married Filing Joint Return."

(7)     On April 8, 2002, Theresa Beat, as Executor of the Estate of Dyche, filed a Form 706 federal estate tax return on which she claimed to be the spouse of Dean Dyche, and for which she claimed no estate tax was due.

(8)     On March 17, 2005, the Internal Revenue Service issued a Notice of Deficiency to the Estate.  The IRS assessed a proposed increase in tax of $1,429,729, and an I.R.C. § 6663 penalty of $1,072,293.

(9)     On June 10, 2005, the Estate paid the IRS a total of $2,936,714.34, consisting of an increase in tax of $1,429,729, an I.R.C. § 6663 penalty of $1,072,293, and interest of $434,697.34.

(10)    On December 4, 2006, the IRS issued the Estate a refund of $2,674.85, consisting of $2,412.57 in refunded interest and $262.28 in accrued interest.

(11)    On May 31, 2007, the Estate timely filed a Form 843 Claim for Refund for the net amount paid to the IRS in the amount of $2,934,301.77.

(12)    On June 11, 2007, the Estate timely filed a second Form 843 Claim for Refund, which amended the claim to include additional deductions not claimed on the May 31 Form 843.

(13)    On August 4, 2008, the IRS issued a Notice of Disallowance of the Estate's claim for refund in its entirety.

The parties may supplement this stipulation of facts at any time prior to trial.

**b.**     The following documents constitute business records within the scope of

Fed. R. Evid. 803(6) and may be introduced in evidence during trial without further

foundation, subject to objections based solely on grounds of relevancy:

The parties have agreed to meet at a later time, prior to the pretrial submission of trial exhibit lists, to stipulate regarding any business records as defined under Fed. R. Evid. 803(6) to be introduced into evidence.  The parties do not anticipate any problems achieving a stipulation.

 **c.**  Copies of exhibits may be used during trial in lieu of originals.

 **d.**  The parties have stipulated to the admission of the following trial exhibits and intend to file a supplemental list of stipulated exhibits prior to trial:

The parties have agreed to meet at a later time, prior to the pretrial submission of trial exhibit lists, to stipulate regarding the admission of any exhibits to be introduced into evidence at trial.  The parties do not anticipate any problems achieving a stipulation.

 **e.**  At trial, witnesses who are within the subpoena power of the court and who are officers, agents, or employees of the parties need not be formally subpoenaed to testify, provided that opposing counsel is given at least 5 business days advance notice of the desired date of trial testimony.  For purposes of this entire pretrial order, the calculation of "business days" does not include Saturday, Sunday, or any legal holiday as defined by Fed. R. Civ. P. 6(a)(4).

 **f.**  By no later than 5:00 p.m. each day of trial, counsel shall confer and exchange a good faith list of the witnesses who are expected to testify the next day of trial.

## 5. FACTUAL CONTENTIONS.

 **a.** **Plaintiff's Contentions.**

Plaintiff Theresa Beat was the common law wife of Decedent Darrel Dean Dyche, whose estate was wrongly assessed estate tax, penalties and interest in the amount of $2,936,714.34.  This case is a refund action under 26 U.S.C. § 7422 for recovery of taxes, penalties and interest erroneously assessed and collected.

This case is preceded by a Kansas State Court case in which Plaintiff sought declaratory judgment that she and Mr. Dyche were common law married under Kansas law.  The case went to the Kansas Court of Appeals, which stated the three elements for common law marriage under Kansas law: (1) the capacity to marry, (2) mutual agreement to be presently married, and (3) a mutual holding out of each other as husband and wife to the public.  The Court held that Plaintiff had presented some "compelling" facts in support of her claim of common law marriage, and held that "[t]here was a considerable amount of evidence presented by Beat which must be weighed and considered in a trial" regarding the issue of common law marriage.  Therefore, the Kansas Court of Appeals reversed a prior entry of summary judgment and remanded the issue to district court for trial on the common law marriage issue.  Plaintiff  paid the assessment, providing her the right to assert the current refund action.  The State Court case was dismissed and the parties are proceeding in the context of the current action.

As in the State Court case, Plaintiff will show "considerable" and "compelling" facts demonstrating the existence of a common law marriage, including that the parties discussed being married , they took a trip to Hutchinson, Kansas which they called their "honeymoon," they exchanged rings, and the fact that Mr. Dyche referred to Plaintiff as his wife and carried her across the threshold of their hotel room while on the Hutchinson trip.  In addition, Plaintiff also testified that she recalled sitting on the sofa "probably in '91" in the home of Mr. Dyche's parents when he presented a ring to her.  Plaintiff asked: "Does that mean we're common law?  He [Mr. Dyche] said 'yes.'" Plaintiff testified that she thought "we were common law from the beginning [the trip to Hutchinson] you know, and I think he in his mind did, too, but this just topped it off." Based on these compelling facts, and others, Plaintiff will prove each of the elements of common law marriage. Further under *Dixon v. Certainteed Corporation*, 915, F. Supp. 1158 (D. Kan. 1996) "once the parties meet the requirements for a common-law marriage, a legally recognizable marriage contract exists....Any subsequent actions that demonstrate an intent to end the marriage are invalid unless accompanied by a legal dissolution." Therefore once the three elements of a common law marriage were met by plaintiff any conduct or lack of conduct thereafter is irrelevant as a matter of law.

Because Plaintiff is entitled to claim the marital deduction, Mr. Dyche's Estate was erroneously assessed a tax in the amount of $1,429,724.00.  This amount must be refunded.

In addition, the United States assessed penalties in the amount of $1,072,293.00. The United States bears the burden of proof with respect to the fraud penalty, and it cannot present any evidence which would support a finding of fraud on the part of Plaintiff.  In addition, Plaintiff will show that she relied on her attorneys and advisors to provide appropriate and reasonable tax advice and that she provided her attorneys and

advisors all the relevant information to provide such reasonable advice.  Therefore, Plaintiff's stated marital deduction was made with reasonable cause and in good faith.  As such, any assessment of penalties against Plaintiff was erroneous.  All penalties and interest must be refunded.

Finally, the elements of the duty of consistency cannot be shown in this case and do not bar Plaintiff from recovering the full amount of her refund.  Although Plaintiff believed she and Mr. Dyche were married, Plaintiff believed that unless she had a formal certificate of marriage, she would not be entitled to the same benefits as one who had a formal marriage certificate.  Plaintiff is not precluded from claiming the marital deduction on the estate tax return of the estate of Mr. Dyche. Further the United States has never challenged the income tax return(s) filed by plaintiff claiming a married status with decedent. The United States itself has acted inconsistently in this regard.

Plaintiff is entitled to recover all taxes, penalties and interest paid to the IRS, as well as all interest from the date of such payment to the date of judgment, for the reasons set forth in detail below in Section 6.b. entitled "Essential Elements of Plaintiff's First Theory of Recovery."

     **b.**     **Defendant's Contentions.**

Theresa Beat cannot meet her burden of proof to establish that she and Darrel Dean Dyche had a marriage, common-law or otherwise, therefore the Estate is not entitled to claim the marital deduction on the Estate's tax return under I.R.C. § 2056 .  There is no dispute that Beat and Dyche lacked a marriage license, so the only way that Beat can prove a marriage is through common law.  As stated below, there are three elements required to prove common-law marriage: (1) that they had a capacity to marry, (2) that they had a present marital agreement, and (3) that they held themselves out to the community as husband and wife.  It is unclear whether Dyche had the legal capacity to be married at the time Beat alleges the marriage arose because Beat claims not to remember the specific date that the alleged marriage arose.  Beat and Dyche did not have a present marital agreement.  Beat and Dyche did not consistently hold out to the community that they were married, and often represented to the government and others that they were not married.

The United States has asserted a fraud penalty against the Estate for claiming a marital deduction despite the lack of a marriage between Beat and Dyche.  Based on the facts that show that Beat and Dyche did not have a common law marriage during Dyche's lifetime and her statements and representations to her attorneys, Beat knew or believed that she was not married and intended to conceal or mislead the IRS regarding her lack of a valid marriage.  In the alternative, the United States has asserted an accuracy-related

penalty against the Estate for claiming a marital deduction despite the lack of a marriage between Beat and Dyche.  Based on the facts that show that Beat and Dyche did not have a common law marriage during Dyche's lifetime and her statements and representations to her attorneys, Beat carelessly, recklessly, or intentionally disregarded her lack of a valid marriage.  In response to Beat's affirmative defense against the fraud and accuracy-related penalty, Beat cannot meet her burden to show that she had reasonable cause and good faith to rely on the advice from her attorneys to claim that she was married to Dyche.

Because the Estate is not entitled to the marital deduction and Beat was not married to Dyche before his death, the Estate is not entitled to claim a deduction for 100% of funeral expenses paid to the Pratt Monument Company for a headstone/monument that is inscribed with Beat's name.  Additionally, because the Estate is not entitled to the marital deduction and Beat is not married to Dyche, the Estate is not entitled to deduct 100% of the federal income tax liabilities listed on Beat and Dyche's joint 2001 federal income tax return because this return represents the federal tax liabilities of Beat as well as those of Dyche for that tax year.

Lastly, regardless of whether Dyche and Beat were married, the duty of consistency bars the Dyche Estate from claiming the marital deduction because for the previous 20 years Dyche and Beat filed federal income tax returns that stated under penalty of perjury that they held a filing status other than married.  By filing federal income tax returns for the 20 years after their divorces but before Dyche's death with a marital status of single or head of household, Beat and Dyche represented to the IRS that they were not married and should not be taxed as married.  The IRS relied on this representation, and the Estate's recent claim of marriage on the Estate's return after the statute of limitations has expired to change or recharacterize their representations on the previous federal income tax returns harms the IRS.

## 6.   THEORIES OF RECOVERY.

### a.   List of Plaintiff's Theories of Recovery.  Plaintiff asserts that she is

entitled to recover upon the following theory:

(1)   Plaintiff overpaid Federal estate taxes (I.R.C. § 2001 et seq.), penalties and interest for which Plaintiff is entitled to a refund.

### b.   Essential Elements of  Plaintiff's First Theory of Recovery.  Subject to

the court's  determination of the law that applies to this case, the parties agree that, in

order to prevail on this theory of recovery, plaintiff has the burden of proving the

following essential elements:

    (1)    Plaintiff overpaid Federal estate taxes (I.R.C. § 2001 et seq.), penalties and interest for which Plaintiff is entitled to a refund in whole or in part based on the following:

        (A)    Beat and Dyche had a common-law marriage, therefore, Plaintiff is entitled to a marital deduction under I.R.C. § 2056. [The elements of common law marriage under Kansas law are set forth above in Section 5.a. "Plaintiff's Contentions, and they include (1) the capacity to marry, (2) mutual agreement to be presently married, and (3) a mutual holding out of each other as husband and wife to the public.]

        (B)    Plaintiff is entitled to a 100% deduction on the estate tax return under I.R.C. § 2053 for the federal income tax liability paid on the joint 2001 federal income tax return.

        (C)    Defendant erred in including in the value of Dyche's gross estate the value of a mineral interest that was not owned by Dyche at the date of his death.

        (D)    Defendant erred in including in the value of Dyche's gross estate the value of a bank account that was not owned by Dyche at the date of his death.

        (E)    Plaintiff is entitled to a 100% deduction on the estate tax return under I.R.C. § 2053 for funeral expenses claimed by Plaintiff on the estate tax return.

        (F)    Plaintiff is entitled to additional deductions on the estate tax return under I.R.C. § 2053 for legal fees, accounting fees, executor fees and interest expenses that accrued after the filing of the original estate tax return.

        (G)    Defendant erred in assessing a civil fraud penalty under I.R.C. § 6663, because Defendant is unable prove actual and intentional wrongdoing on the part of the Plaintiff with the specific intent to

8

evade a tax believed to be owing and, therefore, Defendant cannot meet its burden of proof.

(H)   Defendant erred in assessing, in the alternative, an accuracy related penalty under I.R.C. § 6662, because Plaintiff did not act negligently or in disregard of rules and regulations in determining its proper estate tax liability.

(I)   Plaintiff acted with reasonable cause and in good faith in determining its proper estate tax liability.

(J)   Plaintiff reasonably and in good faith relied on the advice of Plaintiff's counsel in determining its proper estate tax liability.

## 7.   DEFENSES.

**a.   List of Defendant's Defenses and Affirmative Defenses.**  Defendant asserts the following defenses and affirmative defenses:

(1)   Based on the federal income taxes filed by Dyche and Beat during Dyche's lifetime which do not reflect a marriage and instead reflected a status of "single" or "head of household," the IRS's reliance on the marital representation on those returns, and the harm suffered by the IRS from the Estate's attempt to recharacterize the marital status of Beat and Dyche, the Estate is estopped via the duty of consistency from claiming the marital deduction regardless of the fact-finder's determination as to the validity of the alleged common-law marriage.

(2)   Dyche and Beat lacked a marriage license.

(3)   Dyche and Beat lacked a common-law marriage because Dyche lacked the legal capacity to marry when Beat alleges the common-law marriage arose.

(4)   Dyche and Beat lacked a common-law marriage because Beat and Dyche lacked a present marital agreement.

(5)   Dyche and Beat lacked a common-law marriage because Beat and Dyche did not hold themselves out to the community as married, and

to the extent that it can be argued that they did, did not do so consistently.

(6)    Beat lacked a reasonable cause or lacked good faith to rely on advice from her attorneys as to her common-law marriage claim.

(7)    Because Beat and Dyche were not married, the Estate is not entitled to a 100% deduction for the federal income tax liabilities paid on the joint 2001 federal income tax return because that return included income and deductions claimed for both Beat and Dyche.

(8)    Because Beat and Dyche were not married, the Estate is not entitled to a 100% funeral expense deduction for a headstone/monument that listed Beat's name as well as Dyche's name.

**b.**    **Essential Elements of Defendant's Affirmative Defense (i.e., Duty of Consistency).**  Subject to the court's determination of the law that applies to this case, the defendant believes that, in order to prevail on this affirmative defense, defendant has the burden of proving the following essential elements:

(1)    A representation or report was made by the taxpayers, in this case neither Beat nor Dyche claimed a filing status of married on the federal income tax returns they filed after their divorces and prior to Dyche's death;

(2)    The IRS relied on this representation;

(3)    An attempt by the taxpayer has been made after the statute of limitations has run to change the previous representation or recharacterize the situation, in this case by claiming a marital deduction on the Estate tax return, in such a way as to harm the IRS.

If the defendant prevails on this affirmative defense, it is not fully dispositive of the entire refund suit, but will bar the Estate from entitlement to the marital deduction.

**8.**    **FACTUAL ISSUES.**

One or more of the parties believe that the following material issues will need to be resolved at trial by the trier of fact if summary judgment is not granted: *[list]*.

(a)     Did both Beat and Dyche have the legal capacity to marry at the time when Beat claims the marriage arose?

(b)     Did Beat and Dyche have a present marital agreement?

(c)     Did Beat and Dyche hold themselves out to the community that they were married prior to Dyche's death?

(d)     Were Beat and Dyche common-law married before Dyche's death?

(e)     Did Beat commit fraud when she executed the form 706 claiming the marital deduction for Dyche's Estate?

(f)     Did Beat act carelessly, recklessly, or intentionally disregarded whether she had a valid marriage when she executed the form 706 claiming the marital deduction for Dyche's Estate?

(g)     Did Beat have reasonable cause to claim the marital deduction and act in good faith with respect to her claim of the marital deduction on the Estate's tax return?

9.     **LEGAL ISSUES.**

One or more of the parties believe that the following are the significant legal or evidentiary issues that will need to be resolved by the court in this case, whether on summary judgment motion or at trial:

(a)     Whether the Estate's claim of the marital deduction is barred by the duty of consistency. As stated above, the duty of consistency has three factors: (1) a representation or report was made by the taxpayers, in this case the claim

that they had a status of either "single" or "head of household"; (2) that the IRS relied on this representation; and (3) that an attempt has been made by the taxpayer after the statute of limitations has run to change the previous representation or recharacterize the situation in such a way as to harm the IRS.

(b)     Whether the United States has acted consistently by not challenging the Federal Income Tax return where a joint married return was filed by plaintiff reflecting she was married to Mr. Dyche?

(c)     Whether the United States has raised any evidence that Beat committed fraud when she claimed the marital deduction for Dyche's Estate?

## 10.   DAMAGES.

### a.     Plaintiff's Damages.

Plaintiff is entitled to recover all taxes, penalties and interest paid to the IRS in the amount of $2,934,301.77 (original amount less interest previously refunded by IRS) as well as all interest from the date of such payment to the date of judgment, for the reasons set forth in detail above in Section 6.b. entitled "Essential Elements of Plaintiff's First Theory of Recovery."  Plaintiff also seeks those deductions and other amounts as set forth in section 6 b  Pre-trial Order.

### b.     Defendant's Damages.

Because this is a federal estate tax refund suit, damages are not statutorily appropriate or authorized in this case.  If a tax assessment is reduced in any manner, the Plaintiff will be entitled to a refund of the related tax, penalty, or interest paid or portion thereof, plus attributed accruing interest calculated from the date of the Plaintiff's payment.

## 11.   NON-MONETARY RELIEF REQUESTED, IF ANY.

None.

## 12.   AMENDMENTS TO PLEADINGS.

The parties have not filed and do not contemplate any further amendments to pleadings.

13.     **DISCOVERY.**

Under the scheduling order, all discovery was to have been completed by August 14, 2009.  Discovery is complete.

Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations.  Under these circumstances, the parties may conduct discovery beyond the deadline for completion of discovery if all parties are in agreement to do so, but the court will not be available to resolve any disputes that arise during the course of this extended discovery.

14.     **WITNESSES AND EXHIBITS.**

a.      **Final Witness and Exhibit Disclosures Under Rule 26(a)(3).**  The parties' final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A) shall be filed no later than 21 days before trial.  With regard to each witness disclosed under Fed. R. Civ. P. 26(a)(3)(A)(i), the disclosures also shall set forth the subject matter of the expected testimony and a brief synopsis of the substance of the facts to which the witness is expected to testify.  Witnesses expected to testify as experts shall be so designated. Witnesses and exhibits disclosed by one party may be called or offered by any other party.  Witnesses and exhibits not so disclosed and exchanged as required by the court's order shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the court.  The parties should bear in mind that seldom should anything be included in the final Rule 26(a)(3)(A) disclosures that has not

previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

     **b.**    **Objections.**  The parties shall file any objections under Fed. R. Civ. P. 26(a)(3)(B) no later than 14 days before trial.  The court shall deem waived any objection not timely asserted, unless excused by the court for good cause shown.

     **c.**    **Marking and Exchange of Exhibits.**  All exhibits shall be marked no later than 5 business days before trial.  The parties shall exchange copies of exhibits at or before the time they are marked.  The parties shall also prepare lists of their expected exhibits, in the form attached to this pretrial order, for use by the courtroom deputy clerk and the court reporter.  In marking their exhibits, the parties shall use preassigned ranges of numbered exhibits.  Exhibit Nos. 1-400 shall be reserved for plaintiff(s); Exhibit Nos. 401-800 shall be reserved for defendant(s); Exhibits 801 and higher shall be reserved for any third party.  Each exhibit that the parties <u>expect</u> to offer shall be marked with an exhibit sticker, placed in a three-ring notebook, and tabbed with a numbered tab that corresponds to the exhibit number.  The parties shall prepare exhibit books in accordance with the requirements of the judge who will preside over trial.  The parties shall contact the judge's courtroom deputy clerk to determine that judge's specific requirements.

     **d.**    **Designations of Deposition Testimony.**

       **(1)**    <u>**Written Depositions.**</u>  Consistent with Fed. R. Civ. P. 26(a)(3)(A)(ii), any deposition testimony sought to be offered by a party other than to

impeach a testifying witness shall be designated by page and line in a pleading filed no later than 21 days before trial. Any counter-designation in accordance with Fed. R. Civ. P. 32(a)(6), and any objections to the designations made by the offering party, shall be filed no later than 14 days before trial. Any objections to counter-designations shall be filed no later than 5 business days before trial. <u>Before</u> filing <u>any</u> objections, the parties shall have conferred in good faith to resolve the dispute among themselves. No later than 3 business days before trial, to facilitate the court's ruling on any objections to designations or counter-designations, the party seeking to offer the deposition testimony shall provide the trial judge a copy of each deposition transcript at issue. Each such transcript shall be marked with different colored highlighting. Red highlighting shall be used to identify the testimony that plaintiff has designated, yellow highlighting shall be used for defendant, and green highlighting shall be used to identify the objections to any designated testimony. After receiving and reviewing these highlighted transcripts, the court will issue its rulings regarding any objections. The parties shall then file the portions of the depositions to be used at trial in accordance with D. Kan. Rule 32.1.

**(2)** **<u>Videotaped Depositions</u>.** The paragraph immediately above applies to videotaped depositions as well as written deposition transcripts. After the court issues its rulings on the objections to testimony to be presented by videotape or DVD, the court will set a deadline for the parties to submit the videotape or DVD edited to reflect the designations and the court's rulings on objections.

## 15.   MOTIONS.

**a.   Pending Motions.**

As of the date of this order, no motions are pending before the court.

**b.   Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

(1)   Defendant intends to file a partial motion for summary judgment.

(2)   The parties may file motions in limine.

(3)   The parties may file motions regarding expert testimony.

The dispositive motion deadline, as established in the scheduling order and any amendments, is **October 23, 2009**.  Responses shall be filed on or before **November 17, 2009**.  Reply briefs shall be filed on or before **December 10, 2009**.

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda submitted in connection with all further motions or other pretrial matters shall not exceed 30 pages, absent an order of the court.

**c.   Motions Regarding Expert Testimony.**  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed by **June 29, 2010**.

**d.   Motions in Limine.**  All motions in limine, other than those challenging the propriety of an expert witness, shall be filed no later than **August 11, 2010**.  Briefs in opposition to such motions shall be filed no later than **August 17, 2010**.  Reply briefs in support of motions in limine shall not be allowed without leave of court.

16

16.    **TRIAL.**

**a.**    This case is **RE-SET** for trial on the court's docket beginning on **August 24, 2010, at 9:00 a.m.**  At this time, the case is a prime setting; however, counsel should stay in contact with the trial judge's courtroom deputy to determine any changes in the docket that would affect when trial of the case actually will begin.

**b.**    Trial will be by jury.

**c.**    Estimated trial time is 6 to 8 days.

**d.**    Trial will be in Wichita, Kansas, or such other place in the District of Kansas where the case may first be reached for trial.

**e.**    Not all of the parties are willing to consent to the trial of this case being presided over by a U.S. Magistrate Judge, even on a backup basis if the assigned U.S. District Judge determines that his or her schedule will be unable to accommodate any trial date stated above.

**f.**    Because of constraints on the judiciary's budget for the compensation of jurors, in any case in which the court is not notified of a settlement at least 1 full business day prior to the scheduled trial date, the costs of jury fees and expenses will be assessed to the parties, or any of them, as the court may order.  *See* D. Kan. Rule 40.3.

17

17.    **SETTLEMENT.**

a.    **Status of Settlement Efforts.**

Pursuant to the Scheduling Order, the parties exchanged good faith offers and counter-offers on May 1 and May 22.  Within the last month, the parties have generally discussed the merits of settlement, but no specifics.  The parties have agreed that should a settlement conference be necessary, the Magistrate Judge Bostwick should preside over it as previously agreed.

b.    **Mediation and/or Other Method of Alternative Dispute Resolution.**

Mediation with the magistrate judge presiding may be ordered after completion of briefing on all dispositive motions.                              .

18.    **FURTHER PROCEEDINGS AND FILINGS.**

a.    **Status and/or Limine Conference.**   A status and/or limine conference is set for **August 18, 2010, at 2:30 p.m.**

b.    **Trial Briefs.**  A party desiring to submit a trial brief shall comply with the requirements of D. Kan. Rule 7.6.  The court does not require trial briefs but finds them helpful if the parties anticipate that unique or difficult issues will arise during trial.

c.    **Voir Dire.**  Due to substantially differing views among judges of this court concerning the extent to which counsel will be allowed to participate in voir dire, counsel are encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) to determine what, if anything, actually needs to be submitted by way of proposed voir dire questions.  Generally, proposed voir

18

dire questions only need to be submitted to address particularly unusual areas of

questioning, or questions that are likely to result in objections by the opposing party.

> **d.** **Jury Instructions.**

> **(1)** Requests for proposed instructions in jury cases shall be submitted in

compliance with Fed. R. Civ. P. 51 and D. Kan. Rule 51.1. Under D. Kan. Rule 51.1, the

parties and the attorneys have the <u>joint</u> responsibility to attempt to submit <u>one</u> agreed set

of preliminary and final instructions that specifically focuses on the parties' factual

contentions, the controverted essential elements of any claims or defenses, damages, and

any other instructions unique to this case. In the event of disagreement, each party shall

submit its own proposed instructions with a brief explanation, including legal authority as

to why its proposed instruction is appropriate, or why its opponent's proposed instruction

is inappropriate, or both. Counsel are encouraged to contact the trial judge's law clerk or

courtroom deputy (in accordance with the preference of the particular trial judge) to

determine that judge's so-called standard or stock instructions, e.g., concerning the jury's

deliberations, the evaluation of witnesses' credibility, etc.; it is not necessary to submit

such proposed jury instructions to the court.

> **(2)** Proposed instructions in jury cases shall be filed no later than

**August 11, 2010.** Objections to any proposed instructions shall be filed no later than

**August 17, 2010.**

> **(3)** In addition to filing the proposed jury instructions, the parties shall

submit their proposed instructions (formatted in WordPerfect 9.0, or earlier version) as an

attachment to an Internet e-mail sent to the e-mail address of the assigned trial judge listed in paragraph II(E)(2)(c) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

      **e.**    **Proposed Findings of Fact and Conclusions of Law.**  If this case is tried to the court sitting without a jury, in order to better focus the presentation of evidence, the parties shall file preliminary sets of proposed findings of fact and conclusions of law no later than 5 business days before trial.  In most cases, the trial judge will order the parties to file final sets of proposed findings after the trial transcript has been prepared.

**19.**    **OTHER.**

      **a.**    **Conventionally Filed Documents.**  The following documents shall be served by e-mail or hand-delivery on the same date they are filed with the court if they are filed conventionally (i.e., not filed electronically): final witness and exhibit disclosures and objections; deposition designations, counter-designations, and objections; motions in limine and briefs in support of or in opposition to such motions; trial briefs; proposed voir dire questions and objections; proposed jury instructions and objections; and proposed findings of fact and conclusions of law.  In addition, a party filing a trial brief conventionally shall deliver an extra copy to the trial judge's chambers at the time of filing.

      **b.**    **Miscellaneous.**

    None.

**20.**    **POSSIBLE ADJUSTMENT OF DEADLINES BY TRIAL JUDGE.**

With regard to pleadings filed shortly before or during trial (e.g., motions in limine, trial briefs, proposed jury instructions, etc.), this pretrial order reflects the deadlines that the court applies as a norm in most cases.  However, the parties should keep in mind that, as a practical matter, complete standardization of the court's pretrial orders is neither feasible nor desirable.  Depending on the judge who will preside over trial, and what adjustments may be appropriate given the complexity of a particular case, different deadlines and settings may be ordered.  Therefore, from the pretrial conference up to the date of trial, the parties must comply with any orders that might be entered by the trial judge, as well as that judge's trial guidelines and/or exhibit instructions as posted on the court's Internet website:

*(http://www.ksd.uscourts.gov/chambers).*

IT IS SO ORDERED.

Dated this 18th day of September, 2009, at Wichita, Kansas.

   s/ DONALD W. BOSTWICK
Donald W. Bostwick
U. S. Magistrate Judge

21

APPROVED:

s/Ken M. Peterson
Ken M. Peterson, #07499
Will B. Wohlford, #21773
MORRIS, LAING, EVANS
BROCK & KENNEDY, CHARTERED
300 N. Mead, Ste 200
Wichita, KS 67202
(316) 262-2671 - Business
(316) 262-6226 - Fax
kpeterson@morrislaing.com
wwohlford@morrislaing.com
 *Counsel for Plaintiff*


s/Thomas W. Curteman, Jr.
Lanny D. Welch
Thomas W. Curteman, Jr.
John R. Monroe
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. box 7238
Ben Franklin Station
Washington, DC 20044
(202) 616-9379 (Curetman)
(202) 307-0638 (Monroe)
(202) 514-6770 - Fax
Thomas.W.Curteman.Jr@usdoj.gov
John.R.Monroe@usdoj.gov
 *Counsel for Defendant*
 *United States of America*

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Extended deadline to complete any remaining discovery (if applicable) | N/A |
| Mediation/settlement conference (if applicable) | May be ordered with a magistrate judge presiding after completion of briefing on dispositive motions |
| Dispositive motions (e.g., summary judgment) | **October 23, 2009**; responses **November 17, 2009**; replies **December 10, 2009** |
| Motions challenging admissibility of expert testimony | **June 29, 2010** |
| Trial | **August 24, 2010  9 a.m.** |
| Status and/or limine conference (if presently set) | **August 18 2010  2:30 p.m.** |
| Final witness & exhibit disclosures | 21 days before trial |
| Objections to final witness & exhibit disclosures | 14 days before trial |
| Exhibits marked | 5 business days before trial |
| Deposition testimony designated | 21 days before trial |
| Objections to deposition designations, along with any counter-designations | 14 days before trial |
| Objections to counter-designations of deposition testimony | 5 business days before trial |
| Submission of disputed deposition designations to trial judge | 3 business days before trial |
| Motions in limine | **August 11, 2010** |
| Briefs in opposition to motions in limine | **August 17, 2010** |
| Proposed jury instructions | **August 11, 2010** |
| Objections to proposed jury instructions | **August 17, 2010** |
| Preliminary sets of proposed findings of fact and conclusions of law in bench trials | N/A |