IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THERESA BEAT, EXECUTOR,
ESTATE OF DARREL DEAN DYCHE,

    Plaintiff,

vs.                         Case No. 08-1267-JTM

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM AND ORDER

This is an action for refund by plaintiff taxpayer Theresa Beat, the executor of the estate of Darrel Dean Dyche. Beat seeks a refund after the IRS denied Beat's marital deduction, and assessed an increase in tax and moved to impose fraud and negligence penalties. The plaintiff Beat seeks a reconsideration of the court's prior Order resolving the summary judgment motions advanced by the parties. This Order (a) denied Beat's motion seeking a determination that she was not liable for the penalties imposed, (b) granted in part and denied in part her motion that certain expenses were deductible, and (c) granted the United States' motion that the doctrine of consistency prevents Beat from the protection of the martial deduction, even if the jury determines that she and Dyche were common law married. (Dkt. 88, at 48).

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Beat has failed to show clear error or the need to prevent manifest injunction, and has failed to demonstrate her right the relief sought. Contrary to the Beat's suggestion and reliance on isolated passages of the court's Order removed from their context, the court in its prior Order did not attempt to determine the ultimate question of whether a common law marriage existed, but whether or not Beat could be subjected to penalties associated with her return. (Order, Dkt. 88 at 36). Similarly, the court held that the duty of consistency barred the taxpayer from claiming the marital deduction, even if a common law marriage existed. The court did not resolve the separate question of the existence of a common law marriage.

More substantively, Beat argues that the court erred in failing to grant her motion for summary judgment on the issue of fraud, and that the court should have granted her motion that she relied in good faith on the advice of counsel. Beat's attempt to reargue the uncontroverted facts is not grounds for relief under Rule 59(e). In its prior Order, the court made numerous factual findings

and correctly found that, given those facts, a rational fact finder could determine that Beat may have acted negligently or fraudulently in raising the common law marriage claim.

Beat now points to her own testimony stressing her good faith, but such testimony must be weighed by the jury. The court's findings of fact set forth numerous circumstances suggesting that Beat has knowingly taken inconsistent positions, changed relationships with prior advisors and potentially failed to fully inform her attorneys of the facts of the case, and indeed and may well have come to her putative belief only after Dyche died, when she became aware of the financial advantages of such a claim. As the court stressed, the ultimate determination of whether the plaintiff is subject to the relevant penalties requires an "assessment of the credibility of testimony and the weight of evidence [which] is reserved for the trier of fact." (Order, at 38). The court will not recount its already lengthy findings here, but concludes that the circumstances of the case support presenting to the trier of fact the issues of the appropriate penalties and whether Beat did indeed reasonably rely on counsel's advice.

Beat also argues that the court erred in holding that the duty of consistency prevents her subsequent assertion of marital status, first, because she and Dyche, in completing their tax returns as "single," were making an error of law rather than of fact, and because the government has failed to show reliance since it could still have audited the last few years of the Beat-Dyche returns.

The court finds that neither argument supports the requested relief. The alleged error, even if it existed, was a mixed error of law and fact as to the requirements for and the existence of a marital relationship. Accordingly the doctrine of consistency remains applicable. *See LeFever v. C.I.R.* 100 F.3d 778, 788 (10th Cir. 1996).

Beat's second argument depends upon the lack of an audit and the observation that the sum saved by her and Dyche filing as single, and correspondingly lost to the government, is much smaller than the ultimate windfall she might gain by now asserting the existence of a marriage. The court correctly held in its prior Order that neither argument justifies avoidance of the doctrine of the consistency. The amount of savings may be small, on the order of $15,000, compared to the size of the estate in general, but it is certainly not *de minimis*, and the doctrine does not depend upon some comparative value of the taxpayer's savings. The value of a given representation, stating alone, will not prevent the application of the doctrine of consistency. *See Ashman v. Commissioner*, No. 15578-96, 55 T.C.M. (C.C.H.) 1410, 1998 WL 188936, *4 (Tax Ct. April 22, 1998).

And while the government may not have audited the last few years of the returns of Beat and Dyche, this is no bar to the application of the doctrine of consistency, given the uncontroverted fact that their "single" filing status was not limited to these years, but also to the preceding seventeen years. The government is indeed barred by the statute of limitations from auditing the returns for those prior years, and accordingly the doctrine of consistency is applicable.

IT IS ACCORDINGLY ORDERED this 26th day of October, 2010 that the plaintiff's Motion to Reconsider (Dkt. 89) is hereby denied.

                                                s/J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE